**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STACCATO STAPLETON, | : | |
| Petitioner, | : | Civil Action No. 15-1728 (CCC) |
| v. | : | **OPINION** |
| PATRICK A. NOGAN, et al., | : | |
| Respondents. | : | |

**CECCHI, District Judge:**

Petitioner Staccato Stapleton ("Petitioner"), confined at East Jersey State Prison in Rahway, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for burglary and robbery. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For the reasons stated below, the Court will allow Petitioner to present, within thirty (30) days from the date of entry of the accompanying Order, arguments why Petitioner is entitled to equitable tolling.

## I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion, and construes all facts alleged in the Petition as true. Petitioner was convicted and sentenced by the State of New Jersey for burglary and robbery on August 5, 1994 in a jury trial. (Pet., ECF No. 1 at 1-2.) Petitioner appealed, and the conviction and sentence were both affirmed on May 13, 1996. *Id.* at 2. The New Jersey Supreme Court denied Certification on November 19, 1996. *Id.*

Thereafter, on February 9, 1999, Petitioner filed for post-conviction relief ("PCR"). *Id.* at 3. PCR was denied on December 20, 2000. *Id.* The Petition does not state whether Petitioner appealed this decision. According to the Petition, Petitioner filed a second PCR application on February 14, 2012, and it was denied on December 10, 2012. *Id.* at 4. The Petition again fails to state whether Petitioner appealed this decision.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *U.S. v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

#### A. Statute of Limitations

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631,

645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Therefore, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, despite the incomplete information provided by Petitioner regarding his state court proceedings, there is enough information for the Court to determine that the Petition is time-barred. The New Jersey Supreme Court denied review of Petitioner's conviction and sentence on November 19, 1996. For the purposes of AEDPA's statute of limitations, Petitioner's judgment became final 90 days thereafter, which was February 17, 1997. Petitioner then filed a PCR

4

application on February 9, 1999, more than a year after his final conviction and sentence, and after his AEDPA limitations period had expired. Because Petitioner's limitations period expired before the filing of his PCR application, there is no statutory tolling that would apply to Petitioner's PCR review. Therefore, the Petition is statutorily out of time. Petitioner also makes no argument for equitable tolling, despite having waited almost two years to file his state PCR application. Accordingly, the Court finds that the Petition is time barred by AEDPA.

However, in the interest of justice, Petitioner may, within thirty (30) days of the date of entry of the accompanying Order, present arguments supported by evidence why Petitioner is entitled to equitable tolling. Petitioner should also submit to the Court information about his first and second PCR proceedings, including the dates of appeals, dates of petitions to the New Jersey Supreme Court, and dates of any decisions that followed; to survive dismissal, Petitioner must account for all gaps and/or delays in his state court proceedings. Petitioner may also raise any other argument regarding the timeliness of the Petition as appropriate.

## IV.    CONCLUSION

For the reasons set forth above, the Petition is DISMISSED without prejudice as time-barred. Within thirty (30) days of the date of entry of the accompanying Order, Petitioner may present arguments supported by evidence why Petitioner is entitled to equitable tolling.

**Claire C. Cecchi, U.S.D.J.**

Dated: Feby 2, 2017